Date signed March 20, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| In Re: | Case No. 03-30465PM |
|---|---|
| **USGen New England, Inc.,** | **Chapter 11** |
| **Debtor.** | |
| **USGen New England, Inc.,** | |
| **Movant,** | |
| **v.** | |
| **TransCanada Pipelines Limited,** | |
| **Respondent.** | |

### MEMORANDUM OF DECISION

This case came before the court on USGen New England, Inc.'s ("the reorganized debtor") Expedited Motion to Compel TransCanada Pipelines, Limited ("TransCanada") to produce additional discovery. A hearing was held on March 8, 2006, and the court took the matter under advisement. After consideration of the record and the arguments presented in court and in the papers, the court will issue the order accompanying this Memorandum of Decision.

While the court's order is self-explanatory, some further comment may be useful. It may turn out, as TransCanada urges that under the applicable Canadian law, that the breadth of the defense to the claim is far greater than the reorganized debtor urges and that much of the information requested

in the requested discovery is irrelevant.  The court is not prepared to make a decision on this issue at this time.  Likewise, the court finds nothing in this record to support the proposition that either the Motion to Compel and the opposition to it and the failure to supply the requested discovery are bad faith actions to the slightest degree.  The claim was filed in the original amount of $71,133,275.63 CAD,  It arises out of the reorganized debtor's rejection of an agreement with TransCanada.  Since the filing of the Proof of Claim, the claim has been reduced by more than $20,000,000.00 CAD.

Nearly all of the evidence that may exist to support the objection is in the possession of TransCanada.  Its claim is very substantial.  The fact that the verified claim has been reduced in such a large amount militates in favor of further discovery.  The reorganized debtor should not have to rely solely on the self-analysis records by TransCanada.  If the court is going to err in this situation, it will be on the side of ordering more discovery than is warranted rather than limiting the discovery as urged by TransCanada.

An appropriate order will be entered.

cc:   Adam M. Spence, Michael J. Lentz, Law Office of Adam M. Spence, PC, 105 West Chesapeake Ave., Ste 400, Towson, Maryland 21204

David W. Elrod, Craig Tadlock, Jennifer S. Roberts, Elrod PLLC, 500 N. Akard St., Suite 3000, Dallas, Texas 75201

Donald K. Dankner, Gordon A. Coffee, Peter Dykema, Winston & Strawn, 1700 K. Street, NW, Washington, DC, 20006

Marc E. Richards, Blank Rome, at el., The Chrysler Building, 405 Lexington Avenue, New York, New York, 10174

Leslie J. Polt, Blank Rome, et al., 600 New Hampshire Ave. NW, Washington, DC 20037

U.S. Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, Maryland, 20770

**End of Memorandum Decision**