Date signed May 08, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| USGEN NEW ENGLAND, INC. | : | Case No. 03-30465PM |
| | : | Chapter 11 |
| Debtor | : | |

**MEMORANDUM OF DECISION**

Before the court is the claimant's Motion for Partial Summary Judgment argued April 27, 2006. The Motion involves the Debtor's objection to Proof of Claim No. 410 filed on behalf of the Tennessee Gas Pipeline Company ("TGP") in the sum of $28,040,731.00. The claim was originally filed in the sum of $41,349.873.00, but by virtue of resales of firm transportation service ("FT"), the debt was reduced to the present amount in issue. This figure remains in dispute. The claim arises out of USGen New England, Inc.'s ("USGen") rejection of two natural gas firm transportation agreements. Inasmuch the creditors of the Debtor have been paid in full, with interest other than those claims subject to the Disputed/Contingent Claims Reserve, the real party in interest is the owner of Debtor's equity.

The parties have thoroughly stated the applicable law and the undisputed facts. The could will not feign a familiarity with the particular area of law at issue here. The precise question for determination in this motion is whether, under the "file-rate doctrine," natural gas transportation contracts may be modified by requiring the TGP to mitigate its damages by sums received on account of its sales of interruptible and backhaul transportation, and retained fuel, and whether its resulting rates are just and reasonable.

The court has not been presented with a single case under the Natural Gas Act on either side of the issue as to whether a pipeline is required to modify its filed rate on account of resales of interruptible and backhaul transportation and retained fuel.  Considering the thoroughness with which the papers were prepared by the large law firms involved in this case, the court is convinced that its limited resources would not produce a different result.  In the final analysis, this is an issue to be determined either by a far higher level of court or perhaps initially by the Federal Energy Regulatory Commission.

After carefully studying the submissions of the parties, the court will grant the Motion.  As stated in the case of *Arkansas Louisiana Gas Company v. Hall*, 453 U.S. 571, 580-83 (1981), enforcement of the federal filed-rate doctrine does present an opportunity for TGP to be compensated twice for the same capacity.  That is an issue not to be decided by this court.  *Cf. Bryan v. Bellsouth Communications, Inc.*, 377 F.3d 424, 429 (CA4 2004).[1]

Partial summary judgment is appropriate under the circumstances here.  Counsel for the claimant shall present an appropriate order.

cc:
Gordon A. Coffee, Esq., Winston & Strawn LLP, 1700 K Street, N.W., Washington DC 20006
Marc Richards, Esq., Blank Rome LLP 405 Lexington Avenue, New York, NY 10174
Kenneth W. Irvin, Esq., McDermott Will & Emery LLP, 600 13th Street, N.W.,
    Washington, DC 20005
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**

---

[1] Had this case been filed under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the provisions of 28 U.S.C. § 158(d) would apply, enabling a direct appeal to the United States Court of Appeals of the Fourth Circuit.  There is no controlling decision of the Supreme Court, the Fourth Circuit, or any other circuit.